People v Newsom (2024 NY Slip Op 02671)

People v Newsom

2024 NY Slip Op 02671

Decided on May 14, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: May 14, 2024

Before: Singh, J.P., Moulton, Mendez, Rosado, Michael, JJ. 

Ind. No. 4582/02 Appeal No. 2296-2296A-2296B Case No. 2005-280, 2023-02805 

[*1]The People of the State of New York, Respondent,
v
Craig Newsom, Appellant. 

Caprice R. Jenerson, Office of The Appellate Defender, New York (Stephen R. Strother of counsel), for appellant.
Alvin L. Bragg, Jr., District Attorney, New York (Jennifer Westphal of counsel), for respondent.

Judgment, Supreme Court, New York County (Ronald Zweibel, J.), rendered October 3, 2003, as amended December 1, 2003, convicting defendant, after a jury trial, of endangering the welfare of a child (two counts), and sentencing him to an aggregate term of two years; judgment, same court (Budd G. Goodman, J.), rendered December 1, 2003, as amended December 1, 2003, convicting defendant, upon his plea of guilty, of rape in the third degree, and sentencing him to a concurrent term of one to three years; and order, same court (Neil E. Ross, J.), entered on or about October 20, 2022, which denied defendant's CPL 440.10 motion to vacate the rape conviction, unanimously affirmed.
The court properly denied defendant's CPL 440.10 motion, in which he claimed that counsel provided ineffective assistance in connection with his guilty plea to the rape charge by misadvising him that, if he pleaded guilty, he would be sentenced to a term of one to three years, and that he would immediately be released upon his transfer to an upstate prison in light of the jail and good time credit he had accrued. During the evidentiary hearing, however, counsel testified that, although he did not remember the specific advice given, he would never advise clients that they were guaranteed to be released on a particular date. The court credited counsel's testimony, and there is no basis to disturb the court's credibility determination, especially given that defendant did not raise any dissatisfaction with counsel's alleged misadvice until 17 years after his conviction, even though counsel represented him in various related matters over the years.
In any event, even if counsel had given the alleged erroneous advice, defendant failed to show that he "would not have pleaded guilty if he had been correctly advised" (People v Lantigua, 184 AD3d 80, 87 [1st Dept 2020]). 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: May 14, 2024